Diaz v. Sessions

BIA
Straus, IJ
A206 515 518

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand seventeen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
>    *Circuit Judges.*

_____

MIGUEL ANGEL RENE DIAZ CHACON,
>    *Petitioner,*

v.                                                  15-2396
                                                    NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Assistant Attorney General; Carl
                         McIntyre, Assistant Director;
                         Margaret A. O'Donnell, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miguel Angel Rene Diaz Chacon ("Diaz"), a native and citizen of Guatemala, seeks review of a July 2, 2015 decision of the BIA affirming a March 13, 2015 decision of an Immigration Judge ("IJ") denying Diaz's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miguel Angel Rene Diaz Chacon,* No. A206 515 518 (B.I.A. July 2, 2015), *aff'g* No. A206 515 518 (Immig. Ct. Hartford Mar. 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant seeking asylum or withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8

2

U.S.C. § 1158(b)(1)(B)(i); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying the "one central reason" standard in 8 U.S.C. § 1158(b)(1)(B)(i) to withholding of removal standard in § 1231(b)(3)(A)). A particular social group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka v. Holder*, 762 F.3d 191, 195-98 (2d Cir. 2014). A group is not defined with particularity unless "terms used to describe the group have commonly accepted definitions in the society of which the group is a part," and the group is "discrete and [has] definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (B.I.A. 2014), *remanded on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016); *see also Matter of M-E-V-G-*, 26 I. & N. Dec. at 239 ("A particular social group must be defined by characteristics that provide a clear benchmark for determining who falls within the group."). Social distinction "exists where the relevant society perceives, considers, or recognizes the group as a distinct social group." *Matter of W-G-R-*, 26 I. & N. Dec. at 217. "[A]sylum may be granted where there is more than one motive for mistreatment, as long as at

3

least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted).

Before the IJ, Diaz argued that he belonged to a particular social group: the families of government workers, specifically bus drivers. He alleged that, in 2013, members of a gang (he suggested the Maras) attacked him and his cousin in a park, but he conceded that their attackers said nothing about Diaz's family or his father's work as a bus driver. Based on that testimony, the agency did not err in finding that a protected ground was not "at least one central reason for the mistreatment" Diaz suffered. *Id.*

The agency was also on sound footing when it rejected Diaz's proposed social group. Diaz's only evidence of such a group was his mother's testimony and a single newspaper article. His mother testified that, in 2001, she overheard her husband (Diaz's father) receive a threatening phone call; that he subsequently disappeared; and that one of his colleagues was found dismembered. The 2014 article reported that the police captured two men who planned to kill a bus driver. The agency did not err in concluding that this evidence failed to establish the particularity and social distinction required for a particular social group. As to particularity, Diaz did not

4

articulate a "clear benchmark for determining who falls within the group"—e.g., whether if included nuclear families only, or all family members. *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239. As to social distinction, "[e]vidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct' . . . in a particular society." *Id*. at 244. But Diaz presented no evidence that Guatemalans view bus drivers' families as a coherent group, or that the families view themselves that way. *Matter of W-G-R-*, 26 I. & N. Dec. at 217. Moreover, his mother did not describe a threat that was linked to her husband's job. Her testimony that his colleague was later killed did not compel the agency to make that inferential leap. *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

Diaz cites cases recognizing that, under certain circumstances, a family may be a cognizable social group, and claims that his proposed particular social group consists of family members of *murdered* bus drivers. He did not raise that specific argument before the agency, and we decline to consider

it for the first time on this petition for review. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the BIA will not be examined by the reviewing court."). Regardless, this new description does not provide the missing evidentiary link between his father's 2001 disappearance and Diaz's 2013 beating by unidentified individuals.

Diaz also seeks humanitarian asylum. The agency has the discretion to grant humanitarian asylum "if the alien 'has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution,' . . . even though he does not have a well-founded fear of future persecution." *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (quoting 8 C.F.R. § 1208.13(b)(1)(iii)). Diaz did not exhaust this claim, and so we decline to consider it. *Lin Zhong*, 480 F.3d at 123.

Diaz does not challenge the denial of CAT relief. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk